UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-62525-STRAUSS

CHARLES NEALY,

      Plaintiff,

v.

INTERNAL REVENUE SERVICE,

      Defendant.

_____/

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE
TO PROCEED *IN FORMA PAUPERIS* AND REQUIRING AMENDED COMPLAINT**

THIS MATTER came before the Court upon Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [DE 10] (the "IFP Motion"). For the reasons described below, the IFP Motion is **DENIED WITHOUT PREJUDICE**. Plaintiff must file an amended complaint no later than **May 18, 2026**, because the Complaint, on initial screening, fails to state a claim upon which relief could be granted.

## BACKGROUND

On December 5, 2025, Plaintiff, proceeding *pro se*, filed his Complaint against the Internal Revenue Service ("IRS"). [DE 1]. The Clerk's Office later reassigned this case to the undersigned U.S. Magistrate Judge on February 4, 2026. [DE 5]. After I ordered Plaintiff to either pay the filing fee or file a motion to proceed *in forma pauperis*, [DE 8], Plaintiff filed the IFP Motion on March 16, 2026. [DE 10]. In the Complaint, Plaintiff alleges that he submitted a Form 1040 to the IRS in 2020. [DE 1] at 1. Plaintiff also alleges that he later received a letter from the IRS in 2022 asking him to confirm his identity. *Id.* Following the receipt of the letter, and over the course of the last three years, Plaintiff has "written correspondence" to the IRS "concerning this matter." *Id.* This

written correspondence has led to "one put off after another." *Id.* Plaintiff asserts that he still has not received the "impact payments/stimulus" he is entitled to. *Id.* Instead, Plaintiff alleges that the IRS has refused to issue him the "rebate/refund from the stimulus package." *Id.*

## ANALYSIS

Plaintiff must file an amended complaint because the current one is deficient. The screening provisions of 28 U.S.C. § 1915(e) apply here since Plaintiff has sought leave to proceed *in forma pauperis*. Under that statute, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As discussed below, Plaintiff's Complaint [DE 1] is subject to dismissal for multiple reasons. However, rather than dismissing Plaintiff's Complaint now, the Court will provide Plaintiff with an opportunity to file an amended complaint to see if Plaintiff can rectify the deficiencies with the current Complaint. Failure to rectify the issues outlined below may result in dismissal without any further opportunity to amend the Complaint.

Generally, in preparing his amended complaint, Plaintiff should ensure that he complies with all applicable rules, including Rules 8 and 10 of the Federal Rules of Civil Procedure.[1] In

---

[1] *Pro se* pleadings are liberally construed and held to "less stringent standards" than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). "Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Moreover, *pro se* litigants are required to comply with procedural rules. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("[A]lthough [courts] are to give liberal construction to the pleadings of pro se litigants, '[courts] nevertheless have required them to conform to procedural rules.'" (citing *Loren v. Sasser*, 309 F.3d 1296, 1304 (11th Cir. 2002))).

accordance with Rule 8, Plaintiff's amended complaint must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). Although Rule 8(a) does not require "detailed factual allegations," it does require "more than labels and conclusions"; a "formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 555, 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff's Complaint is deficient in multiple ways. First, the Complaint does not adequately allege that Defendant has waived sovereign immunity and thus has not adequately alleged that the Court has jurisdiction. *See* Fed. R. Civ. P. 8(a)(1) (requiring short and plain statement of grounds for jurisdiction). "If sovereign immunity applies, a court lacks subject matter jurisdiction to consider a claim." *Foster Logging, Inc. v. United States*, 973 F.3d 1152, 1157 n.3 (11th Cir. 2020) (citing *Zelaya v. United States*, 781 F.3d 1315, 1322 (11th Cir. 2015)). "The IRS, as an agency of the United States, cannot be sued absent a waiver of sovereign immunity." *Galvez v. I.R.S.*, 448 F. App'x 880, 884 (11th Cir. 2011). "'The United States has waived its sovereign immunity in order to allow taxpayers to file actions seeking tax refunds' under 26 U.S.C. § 7422(f)(1)[,] and district courts have jurisdiction over such actions against the United States pursuant to 28 U.S.C. § 1346(a)(1)." *McLaughlin v. United States*, No. 4:21CV345-WS-MAF, 2021 WL 7502052, at *1 (N.D. Fla. Dec. 1, 2021) (first quoting *Mut. Assur., Inc. v. United States*,

56 F.3d 1353, 1355 (11th Cir. 1995), and then citing *Blankenship v. Dep't of the Treasury*, No. 121cv00581NONESAB, 2021 WL 1907561, at \*2 (E.D. Cal. May 12, 2021)), *report and recommendation adopted*, 2022 WL 522832 (N.D. Fla. Feb. 22, 2022).

"Section 7422 of the Internal Revenue Code (26 U.S.C.) provides, however, that a suit for a refund of federal taxes may be maintained only if an administrative claim for refund has been 'duly filed.'" *Mut. Assur., Inc.*, 56 F.3d at 1355-56. "That means '[a] taxpayer may not sue the United States for a tax refund until [he] first files a refund claim with the government.'" *Ginsburg v. United States*, 17 F.4th 78, 84 (11th Cir. 2021) (alterations in original) (quoting *Charter Co. v. United States*, 971 F.2d 1576, 1579 (11th Cir. 1992)); *King v. United States*, 789 F.2d 883, 884 (11th Cir. 1986) ("[F]iling a claim for an administrative refund is a jurisdictional prerequisite to maintenance of a refund suit.").

Here, Plaintiff has not adequately alleged that he exhausted administrative remedies with the IRS; therefore, Plaintiff has not adequately alleged a waiver sovereign immunity—a jurisdictional prerequisite. Plaintiff asserts in the Complaint that the IRS refused to pay him, but all Plaintiff really provides in terms of factual allegations is the following: (1) Plaintiff submitted a Form 1040 in 2020, (2) Plaintiff received a letter from the IRS asking him to verify his identity in 2022, and (3) Plaintiff engaged in "written correspondence" to the IRS "concerning this matter," which led to "one put off after another." [DE 1] at 1. Even liberally construing these allegations, the vague reference to "written correspondence" that has allegedly led to "one put off after another" is insufficient for purposes of alleging administrative exhaustion. Plaintiff has not alleged generally that all preconditions have been satisfied or that he filed a refund claim with the IRS, following all applicable laws and regulations.

Second, and more broadly, an amended complaint is necessary because the current one is a "shotgun pleading." *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) ("Complaints that violate either Rule 8(a)(2) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings.'"). As stated earlier, Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Additionally, Rule 10(b) requires that "[a] party . . . state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). A few types of shotgun pleadings exist, but "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. One type of shotgun pleading occurs when a complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Id.* at 1322. Another type occurs when a complaint fails to separate each cause of action or claim for relief into different counts. *Id.* at 1323.

Plaintiff's Complaint is a shotgun pleading because it (1) does not contain consistently numbered paragraphs, (2) contains nothing but vague factual allegations, and (3) does not include any counts or cognizable claims for relief. Without more supporting allegations, I cannot conclude that the Complaint would reasonably put the IRS on notice of the claims against it and the ground on which those claims rest. Even more fundamentally, Plaintiff does not make clear the basis under which he is entitled to any relief. It is unclear under what statutes and tax provisions Plaintiff believes he is entitled to relief. And it is unclear what facts entitle Plaintiff to the refunds he seeks. Thus, it is difficult for the Court to assess whether his claim is frivolous or whether he may be able to state a claim in an amended complaint.

5

While Plaintiff does not make clear under what statutes and tax provisions Plaintiff believes he is entitled to relief, it appears that Plaintiff may be claiming credits under the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") or the Consolidated Appropriations Act ("CAA"). Although Plaintiff does not mention these statutes, his references in the Complaint to a rebate or refund in the form of "impact payments" under the "stimulus package" (along with his highlighting of the 2020 tax year), suggest that Plaintiff is referring to both the CARES Act, which established a $1,200 tax credit during the COVID-19 pandemic, and the CAA, which established an additional $600 tax credit during that time. *See generally Watson v. United States*, No. 7:22-cv-00183, 2022 WL 12078560, at \*2 (W.D. Va. filed Oct. 20, 2022) (explaining CARES Act and the CAA); *Francis v. Dep't of Treasury*, No. 25-CV-1346, 2025 WL 3181627, at \*1 (M.D. Fla. Nov. 14, 2025) (same); *McLaughlin*, 2021 WL 7502052, at \*2 (same). The sum of the two credits under the CARES Act and the CAA is $1,800. Coincidentally, $1,800 is the amount Plaintiff alleges is owed to him by the IRS in the IFP Motion. *See* [DE 10] at 3.

However, to the extent Plaintiff is claiming credits under these statutes, he may not be entitled to any relief in this Court at this point. Critically, both the CARES Act and the CAA contained deadlines on payment that passed long before Plaintiff filed this suit. *See Watson*, 2022 WL 12078560, at \*2 (first citing 26 U.S.C. § 6428(f)(3)(A), and then citing 26 U.S.C. § 6428A(f)(3)). Because no further payments can be issued under these statutes, if those statutes are the basis of Plaintiff's claim, Plaintiff seemingly cannot obtain the money via this suit. *Cf. id.* ("Both deadlines passed well before Watson commenced this action in March 2022. Because no additional stimulus payments may be issued under either statute, Watson 'cannot obtain the relief he requests' under the CARES Act or the CAA." (citations omitted)); *Francis*, 2025 WL 3181627, at \*1 ("[E]ven assuming Petitioner was an 'eligible individual' authorized to receive the $1,200

6

CARES Act tax credit in 2020, a stimulus check under the CARES Act is no longer available because the December 31, 2020 deadline has long since passed."). Therefore, to the extent Plaintiff attempts to state a claim under these statutes, his Complaint currently fails.

Given this uncertainty, in addition to filing an amended complaint that squarely establishes subject-matter jurisdiction (by alleging exhaustion of administrative remedies) and complies with Rules 8 and 10, to the extent Plaintiff is relying on the Cares Act and CAA, he should *separately* file a memorandum showing cause why he states a claim. These highlighted issues are only intended to provide some guidance to Plaintiff; they are not necessarily an exhaustive list of all the deficiencies with Plaintiff's Complaint. Because of the Complaint's deficiencies, the Court will require Plaintiff to file an amended complaint. Plaintiff must rectify any deficiencies with his Complaint, including those outlined above.

## CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that:

1.    Plaintiff's IFP Motion [DE 10] is **DENIED WITHOUT PREJUDICE**. Plaintiff may re-file the IFP Motion upon filing an amended complaint that addresses the above deficiencies.

2.    No later than **May 18, 2026**, Plaintiff shall file an amended complaint in accordance with this Order (i.e., an amended complaint that rectifies the deficiencies with Plaintiff's current complaint). Failure to do so may result in dismissal of this action without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 16th day of April 2026.

Jared M. Strauss
United States Magistrate Judge